# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH P. CARSON,
              Appellant,

v.

DEPARTMENT OF ENERGY,
              Agency.

DOCKET NUMBER
AT-1221-14-0520-W-1

DATE: May 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph P. Carson, Knoxville, Tennessee, pro se.

Kristopher D. Muse, Esquire, and Ronald Freeman, Oak Ridge, Tennessee,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to acknowledge and decline to address the appellant's claim related to the Board's alleged failure to conduct "special studies," we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant is a Facility Representative with the agency, domiciled in Oak Ridge, Tennessee. Initial Appeal File (IAF), Tab 1 at 1. In August 2013, the appellant's supervisor issued him a letter of reprimand for unprofessional, rude, and offensive conduct towards the employee of an agency contractor. *Id.* at 41. Subsequently, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging, among other things, that the agency issued him the letter of reprimand in retaliation for protected disclosures that he made to the same contractor employee. *Id.* at 7, 14-17. Specifically, the appellant alleged that he disclosed that OSC violated 5 U.S.C. § 1213(g)(1) when it took the position that contractor employees did not have the right to make whistleblower disclosures to OSC pursuant to that statutory provision. *Id.* at 16-17.

¶3        After OSC closed its inquiry into the appellant's allegations, he filed the instant IRA appeal, and requested a hearing. IAF Tab 1 at 1, 66. The

administrative judge issued an order, which explained that, to establish jurisdiction over his appeal, the appellant was required to raise a nonfrivolous allegation that he made a protected disclosure, and ordered the appellant to explain the basis for his belief that OSC violated 5 U.S.C. § 1213(g)(1).[2]  IAF, Tab 36 at 4-6.  The appellant submitted evidence and argument in response to the order.  IAF, Tab 38 at 4, Tabs 40, 52.  He also requested that the administrative judge withdraw from the appeal on the ground that the administrative judge would be "committing 'career suicide'" if he found in the appellant's favor because, according to the appellant, the Board enables OSC's alleged violations of law.  IAF, Tab 54 at 6-7, *see id.*, Tab 56 at 4, 6-8, Tab 59 at 4-6.

¶4        Without holding the hearing requested by the appellant, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 62, Initial Decision (ID); *see* IAF, Tab 1 at 1 (the appellant's request for a hearing).  He found that the appellant failed to raise a nonfrivolous allegation that he made a protected disclosure, because a plain reading of 5 U.S.C. § 1213(g)(1) demonstrated that OSC had discretion regarding how to handle contractor complaints.  ID at 8-9.  Thus, he found that the appellant's concerns constituted a merely debatable policy disagreement regarding OSC's implementation of 5 U.S.C. § 1213(g)(1), and did not constitute a protected disclosure under the Whistleblower Protection Enhancement Act of 2012 (WPEA).  *Id.*  In the initial decision, the administrative judge also denied the appellant's request that he withdraw from the appeal.  ID at 9 n.4.

---

[2] Prior to issuing the initial decision, the administrative judge did not otherwise inform the appellant of the burdens and elements of proof for establishing jurisdiction over an IRA appeal.  *See* IAF, Tabs 2, 36, 51; *see also Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).  However, this oversight was cured by the initial decision, which provided this information.  ID at 2-3; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (the administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision contains the notice that was lacking, thus affording the appellant an opportunity to meet his burden on petition for review).

¶5     The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review, and the appellant has filed a reply.[3] PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). We agree with the administrative judge that the dispositive issue in this appeal is whether the appellant raised a nonfrivolous allegation that he made a protected disclosure. *See* ID at 7-9.

---

[3] Loring E. Justice, Esquire, American Engineering Alliance (AEA), and Veterans for Peace (VP) have filed motions for leave to file amicus curiae briefs in this appeal. PFR File, Tabs 5, 9. The Board may, in its discretion, grant a request to file an amicus curiae brief if the person or organization seeking to file the brief has a legitimate interest in the proceedings, and the participation will not unduly delay the outcome and may contribute materially to the proper disposition of the petition for review. *See* 5 C.F.R. § 1201.34(e)(3). The sole interest in the proceedings that Mr. Justice has articulated is his personal disagreement with the initial decision and OSC's interpretation of 5 U.S.C. § 1213(g)(1). *See* PFR File, Tab 5. We find that Mr. Justice has failed to establish that he has a legitimate interest in the proceedings, and accordingly, his motion for leave to file an amicus curiae brief is DENIED. AEA and VP have moved to file an amicus curiae brief based upon their alleged interest in the ability of contractor employees to make disclosures to OSC pursuant to 5 U.S.C. § 1213(g)(1). PFR File, Tab 9 at 1-2. However, for the reasons discussed in this Order, the Board will not resolve that issue in this IRA appeal, and accordingly, AEA's and VP's combined motion for leave to file an amicus curiae brief is also DENIED.

<u>The appellant failed to raise a nonfrivolous allegation that he made a protected disclosure.</u>

¶7     Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  *See* 5 U.S.C. § 2302(b)(8); *see also Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011).  The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8).  *Mason*, 116 M.S.P.R. 135, ¶ 17.

¶8     On review, the appellant reiterates his argument, raised below, that he made a protected disclosure that OSC was "unlawfully denying agency contractor employees their statutory right to make whistleblower disclosures to it per 5 U.S.C. § 1213(g)(1)."  PFR File, Tab 4 at 4; *see* IAF, Tab 38 at 4, Tab 40 at 5, Tab 52 at 4-7 (the appellant's arguments below).  We construe the appellant's claim as an allegation that he disclosed information that he reasonably believed evidenced a violation of law.[4]  We agree with the administrative judge that the

---

[4] On review, the appellant also alleges that it is his "public opinion that many preventable deaths have occurred in his agency and other agencies due to OSC's violation of its duty" to receive disclosures by contractors.  PFR File, Tab 1 at 7 n.6.  He also makes general reference to "future deaths, serious injuries and significant public health and safety accidents and incidents."  *Id.*  To the extent that the appellant intends to allege that he disclosed information that he reasonably believed evidenced a substantial and specific danger to public health and safety, we find that these generalized allegations are too vague and nonspecific to raise a nonfrivolous allegation of a protected disclosure.  *See* 5 U.S.C. § 2302(b)(8)(A)(ii); *see also Smart v. Department of the Army*, 98 M.S.P.R. 566, ¶ 17 (revelation of a negligible, remote, or ill-defined peril that does not involve any particular person, place, or thing is not a protected disclosure of a substantial and specific danger to public health or safety), *aff'd*, 157 F. App'x 260 (Fed. Cir. 2005).

appellant failed to raise a nonfrivolous allegation that he made a protected disclosure. ID at 8-9.

¶9    Contrary to the appellant's assertions, a plain reading of 5 U.S.C. § 1213(g)(1) demonstrates that this provision does not afford any individual a "statutory right" to have whistleblower disclosures evaluated or considered by OSC. *See* PFR File, Tab 4 at 4 (the appellant's argument on review). Section 1213(g)(1) provides that "the Special Counsel *may* transmit [protected disclosures made by individuals other than employees, former employees, and applicants for employment] to the head of the agency which the information concerns." 5 U.S.C. § 1213(g)(1) (emphasis added). Thus, while a facial reading of the statute authorizes OSC to refer certain disclosures to agency heads, it does not mandate that OSC receive, evaluate, or refer any disclosures. *Id.*; *see Huston v. United States*, 956 F.2d 259, 262 (Fed. Cir. 1992) ("When, within the same statute, Congress uses both 'shall' and 'may,' it is differentiating between mandatory and discretionary tasks.").

¶10   Section 1213(g)(1) places no limits on OSC's authority to determine which disclosures to refer to agency heads, nor does it require OSC to evaluate and consider every disclosure that it receives. *See* 5 U.S.C. § 1213(g)(1). We agree with the administrative judge that the appellant's strongly-held belief that contractor disclosures should be considered by OSC constitutes a fairly debatable policy argument regarding OSC's implementation of 5 U.S.C. § 1213(g)(1) that is not protected under the WPEA. *See* ID at 8; *see also* 5 U.S.C. § 2302(a)(2)(D) (excluding communications concerning policy decisions that lawfully exercise discretionary authority from the definition of a disclosure under the WPEA); *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013) (an appellant failed to raise a nonfrivolous allegation that he reasonably believed that his supervisor's decision regarding an application for assistance evidenced a violation of law where he failed to identify any provision limiting the agency's

discretion in making eligibility determinations or requiring the agency to extend benefits to applicants), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014).

¶11      On review, the appellant takes issue with the administrative judge's finding that 5 U.S.C. § 1213(g)(1) affords OSC discretion to determine what to do with contractor complaints.  PFR File, Tab 1 at 7.  He argues that this conflicts with OSC's interpretation of 5 U.S.C. § 1213(g)(1) as providing it with no authority to consider contractor employee disclosures.[5]  *Id.*  We find this distinction to be irrelevant as to whether the appellant raised a nonfrivolous allegation that he made a protected disclosure.  Regardless of the rationale for OSC's determination that it would not evaluate or consider contractor employee complaints, 5 U.S.C. § 1213(g)(1) simply does not obligate OSC to do so.  Accordingly, we find that the appellant failed to raise a nonfrivolous allegation that he reasonably believed that he disclosed a violation of law.[6]  *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 11 (2013) (an appellant failed to raise a nonfrivolous allegation that she reasonably believed that an agency violated rules and regulations regarding the maintenance of training records where none of the rules and regulations cited prescribed a method of maintaining such records).

---

[5] In the record below, the appellant submitted undated correspondence, allegedly from OSC, which indicated that OSC took the position that it could only refer disclosures to agency heads pursuant to 5 U.S.C. § 1213(g)(1) if the disclosure were made by a federal employee, former employee, or applicant for employment. *See* IAF, Tab 52 at 27.  OSC went on to state that it was reviewing this policy. *Id.*

[6] In determining whether the appellant's belief was reasonable, we have considered his lack of legal training. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 8-9 (2013) (finding an appellant's belief that an agency violated a law, rule, or regulation reasonable in light of her lack of any legal expertise).  However, we find the statute clearly articulates OSC's discretion with regard to complaints by contractor employees.

<u>The Board will not address the appellant's allegations that the Board violated the law by failing to conduct special studies.</u>

¶12    On review, as he did below, the appellant argues that the Board violates the law by failing to conduct "special studies" pursuant to <u>5 U.S.C. § 1204</u>(a)(3).[7] PFR File, Tab 1 at 4-6; *see* IAF, Tab 54 at 6-7, Tab 56 at 4, 6-8, Tab 59 at 4-6 (the appellant's allegations below that the Board violated the law by failing to conduct special studies). The appellant previously raised this issue in another IRA appeal against the Board, *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1. The appeal was assigned to an administrative law judge, who dismissed it for lack of jurisdiction. *See Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Initial Decision at 2, 5-7 (Nov. 6, 2014). The initial decision became the Board's final decision after all three Board members recused themselves from considering the appellant's petition for review. *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Order (Dec. 23, 2014); *see* <u>5 C.F.R. § 1200.3</u>(b). Because the Board's members previously recused themselves from considering this issue, the Board will not address it further.[8]

<u>The administrative judge did not abuse his discretion in denying the appellant's request that he withdraw from the appeal, and the appellant failed to establish that the administrative judge was biased.</u>

¶13    On review, the appellant argues that the administrative judge erred in failing to withdraw from the appeal. PFR File, Tab 1 at 6 n.5. We find that the appellant has not demonstrated that the administrative judge abused his discretion in denying the appellant's request that he withdraw. *See Shoaf v. Department of Agriculture*, <u>97 M.S.P.R. 68</u>, ¶ 10 (2004) (analyzing an administrative judge's

---

[7] Because the administrative judge did not acknowledge this claim, we MODIFY the initial decision to do so.

[8] On December 31, 2014, the appellant appealed the Board's final decision to the U.S. Court of Appeals for the District of Columbia Circuit, where his appeal remains pending.

denial of a motion for recusal under an abuse of discretion standard), *aff'd*, 158 F. App'x 267 (Fed. Cir. 2005).

¶14    The appellant argues on review that, as a result of the administrative judge's alleged bias and conflict of interest, the administrative judge improperly denied his motion for a subpoena seeking discovery from OSC.[9]  PFR File, Tab 1 at 8.  The appellant's disagreement with an administrative judge's discovery ruling is insufficient to warrant a finding of bias.  *See Williams v. Equal Employment Opportunity Commission*, 64 M.S.P.R. 436, 438-39 (1994); *see also Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).  The fact that the appellant filed a separate IRA appeal against the Board, and referenced some of his allegations against the Board in his filings in the present case, is insufficient to establish that the administrative judge was biased in adjudicating the appellant's claims against his employing agency.  Moreover, we agree with the administrative judge that the appellant's allegation that he would be "committing 'career suicide'" if he found in the appellant's favor did not state a plausible basis for withdrawal.  *See* ID at 9 n.4; *see also* IAF, Tab 54 at 6-7.

¶15    Furthermore, we find that the appellant failed to establish that the administrative judge abused his discretion in denying the motion for a subpoena. *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table) (the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion).  The requested discovery might have required OSC to produce a legal

---

[9] The appellant filed two motions for subpoenas seeking discovery from OSC.  IAF, Tabs 18, 55.  On review, the appellant has solely challenged the administrative judge's denial of his second motion.  PFR File, Tab 1 at 8; ID at 9 n.4 (the administrative judge's denial of the appellant's second motion for a subpoena).

opinion regarding whether OSC believed that the appellant made a protected disclosure. *See* IAF, Tab 55 at 6-7 (the appellant's discovery request). Even assuming that OSC had previously evaluated this issue, which is not addressed in OSC's correspondence to the appellant regarding his complaint, an IRA appeal is a de novo action, and OSC's finding would not be binding upon the Board. *See* IAF, Tab 1 at 50-52, 66 (OSC's correspondence to the appellant regarding his complaint); *see also Pashun v. Department of the Treasury*, 74 M.S.P.R. 374, 380 (1997) (finding that the Board was not bound by OSC's finding that the Board "would probably not consider" the appellant's disclosures to be protected). Accordingly, we agree with the administrative judge that the appellant's motion for a subpoena was beyond the proper scope of discovery in this appeal. *See* IAF, Tab 36 at 8; *see also* ID at 9 n.4.

The appellant's motions to submit new evidence and argument after the record closed on review are denied.

¶16 After the record closed on review, the appellant filed two motions seeking leave to submit additional evidence and argument in support of his appeal. PFR File, Tabs 7, 10. According to the appellant, this evidence consists of: (1) a notice of proposed rulemaking regarding a proposal to amend OSC's regulations to allow OSC to accept whistleblower disclosures from contractor employees; (2) a "whistleblower disclosure" that the appellant submitted to OSC on January 28, 2015; (3) OSC's letter in response to the appellant's "whistleblower disclosure"; and (4) the appellant's response to a complaint of professional misconduct before the State of Tennessee Board of Architectural and Engineering Examiners. *Id.*

¶17 The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. 5 C.F.R. § 1201.115(d); *see Carson v.*

*Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009). Although the evidence that the appellant seeks leave to submit appears to post-date the initial decision, he has failed to explain how it would warrant an outcome different from the initial decision, or how the additional argument that he seeks to present would establish Board jurisdiction over his appeal. Accordingly, the appellant's motions for leave to submit additional evidence and argument on review are DENIED.[10]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[10] However, because OSC's notice of proposed rulemaking is publicly available in the Federal Register, we have taken official notice of it. *See* 5 C.F.R. § 1201.64 (allowing the Board to take official notice of matters that can be verified); *see also* Revision of Regulations to Allow Federal Contractors, Subcontractors, and Grantees to File Whistleblower Disclosures with the U.S. Office of Special Counsel, 80 Fed. Reg. 3182-3184 (Jan. 22, 2015) (OSC's notice of proposed rulemaking). Nevertheless, after reviewing the notice of proposed rulemaking, we find that the appellant has failed to demonstrate that this evidence is material, because he has not shown that the information would change the outcome of his appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.